UNITED STATES; and Technical Plastics Group, LLC, f/k/a Quest Acquisitions, LLC, an Illinois limited liability company, Plaintiffs,

v.

OLD PLASTICS COMPANY, INC., f/k/a Precision Laboratory Plastics, Inc., a Washington corporation; the AHS Trust, a Belize Trust; and the Smith Family Trust, a Washington Trust, Defendants.

No. C03–5427 RBL.

United States District Court, E.D. Washington, At Tacoma.

Aug. 20, 2004.

---

Carl P. Colbert, Colbert & Colbert, Gig Harbor, WA, Frederick Wermuth, U.S. Dept. of Justice Tax Division, Washington, DC, Robert Patrick Brouillard, Seattle, WA, for Plaintiffs.

John Groseclose, Greene & Lloyd, Puyallup, WA, for Defendants.

## ORDER

LEIGHTON, District Judge.

This Court is again facing a summary judgment motion in this declaratory judgment action. Previously, on February 27, 2004, the Court, after briefing and oral argument, denied plaintiffs Technical Plastics' and the United States' motions for summary judgment. (Dkt. 25). The Court found that a genuine issue of material fact existed regarding whether Old Plastics owned the note and whether the Smith Family Trust is an alter ego of Old Plastics. (*Id.*) Old Plastics has now moved for summary judgment and has agreed to transfer the promissory note to the United States—less the setoff contained in the Asset Purchase Agreement—in order to satisfy the tax liens filed against Old Plastics and to satisfy the judgment obtained by Technical Plastics. Because Old Plastics has now agreed to transfer the promissory note to the United States, there no longer exists a genuine issue of material fact and summary judgment is proper.

### Background

On March 1, 2000, Technical Plastics and Old Plastics entered into an agreement[1] pursuant to which Technical Plastics purchased substantially all the assets used by Old Plastics in connection with the production of plastic products used in the medical and biotechnology fields. (Colbert Reply Dec. at Exh. A, p. 1)[2]. The agree-

---

1. The purchase and sale involve predecessors of both, Technical Plastics and Old Plastics— Quest Acquisition Group and Precision Laboratory Plastics, respectively. The Court decided to use the names of the successors to prevent any unintended confusion regarding the current rights and liabilities of these entities with respect to the promissory note.

2. The citations to the record, unless noted, are to the documents filed in conjunction with the previous motions for summary judgment.

ment provided that a portion of the purchase price would be paid in cash and that the remainder would be paid over time pursuant to a promissory note—the amount of which would be established following the completion of an accountant's valuation of the assets. (*Id.* at §§ 4.1, 4.3, 11.4) The agreement provided that "Seller [Old Plastics] shall retain the right to sell or assign the Promissory Note to a third party." (*Id.* at § 13) The agreement also provided that Old Plastics would indemnify Technical Plastics from any loss caused by its own misrepresentation or breach and— importantly for purposes of this case— permitted Technical Plastics to reduce the amount owed on the promissory note by any amount recovered from Old Plastics by virtue of a misrepresentation or breach. (*Id.* at § 12.1)

On May 12, 2000, Technical Plastics executed a promissory note pursuant to which it agreed to pay Old Plastics the amount of $747,000. (Colbert Dec. at Exh. A, pp. 1, 2) The note contained a payment schedule that required quarterly payments of $16,807.50 from March 31, 2003 through December 31, 2005, and a balloon payment of $948,690 on March 31, 2006. (*Id.* at p. 1) The note states: "the payments due hereunder are subject to Borrower's right of setoff pursuant to the terms of the Asset Purchase Agreement between Borrower and [Old Plastics] dated March 1, 2000." (*Id.*) This language places subsequent holders on notice of Technical Plastics' rights and the potential for a reduction in principal in connection with the enforcement of those rights. The note also contains an acceleration clause. The note provides: "this note shall at the option of any holder hereof be immediately due and payable upon the occurrence of any of the following[.]" (*Id.*) The first listed event which could trigger the acceleration clause is the "failure to make any payment due hereunder within 20 days

after written demand for payment is received by the Managing Member of Borrower in the manner provided in the Asset Purchase Agreement." (*Id.*)

On May 15, 2000, Old Plastics purported to assign and transfer its right in the promissory note to AHS Trust, a trust organized under the law of Belize. (Colbert Dec. at Exh. B, Short Dec. at ¶ 8) Norman Hugh Smith executed the assignment on behalf of Old Plastics. (Short Dec. at ¶ 4) Mr. Smith occupied positions on both sides of the transaction: he was the sole director of Old Plastics and the trustee of the AHS Trust. (Colbert Dec. at Exh. B, pp. 2 & 6)

On September 5, 2000, Old Plastics commenced an arbitration proceeding pursuant to the terms of the agreement challenging certain representations made by Technical Plastics in connection with the transaction. Technical Plastics counterclaimed challenging the representations made by Old Plastics. The arbitrator eventually awarded Technical Plastics $150,000 on August 1, 2000, and the award was thereafter confirmed by the Kitsap County Superior Court on February 15, 2002.

On March 20, 2001, the AHS Trust was terminated and unwound. The Agreement to Terminate Trust provides:

> The undersigned parties hereby agree that the AHS Trust shall be terminated and revoked immediately and any and all property shall be returned to its original sources or the original source's successors or assigns. With regard to the promissory note from Quest Acquisitions, LLC as maker which was assigned by its holder, Precision Laboratory Plastics, Inc., to the AHS Trust on or about May 12, 2000, said promissory note shall be transferred and/or reassigned to the Smith Family Trust. Said termination

and revocation shall be deemed to take effect immediately and undersigned parties agree that the AHS Trust shall be deemed to be void ab initio. To the fullest extent possible, upon the execution of this Agreement the revocation and termination of the AHS Trust shall relate back to and take effect as of the date upon which the AHS Trust Agreement was executed and it shall be as though the AHS Trust had never come into existence except in so far as such relation back may diminish or otherwise interfere with the rights of the Smith Family Trust as assigned to the aforementioned promissory note, in which case the AHS Trust and/or its fiduciaries shall be treated as nominee transferee(s) but only to the extent necessary to preserve to the Smith Family Trust full ownership rights as transferee to said promissory note. For all purposes, the Smith Family Trust's ownership rights to said promissory note shall relate back to the date of original assignment of said promissory note, May 12, 2000.

(Colbert Dec. at Exh. B, pp. 203) The Agreement to Terminate Trust purports to transfer the promissory note to the Smith Family Trust—which is, ironically, the sole shareholder of Old Plastics. (*Id.* at Exh. B, at p. 4)[3].

On September 6, 2002, Technical Plastics commenced an action in the Kitsap County Superior Court seeking a declaration (a) that Old Plastics is the owner of the promissory note, because (b) any at-tempted transfer of the promissory note is void, and therefore (c) Technical Plastics can enforce its judgment against the promissory note.

On March 14, 2003, Technical Plastics filed a motion in the Kitsap County Superior Court in which it requested an order authorizing the establishment of an escrow account that would hold amounts payable under the promissory note until ownership was established. On March 21, 2003, the court authorized establishment of such an account. Since then, Technical Plastics has made two deposits of $16,807.50 into the escrow account. These deposits were made on March 31, 2003 and June 30, 2003, respectively. (Auchterlonie Dec. at Exh. A)

On May 13, 2003, the Internal Revenue Service issued a Notice of Federal Tax Lien against Precision Laboratory Plastics, Inc. in the amount of $825,750.55 for taxes owed for the calendar years 1993 and 1994 in the amounts of $534,368.95 and $291,381.60 respectively. (Auchterlonie Dec. at Exh. D) Seven days later, the Internal Revenue Service issued a Notice of Tax Lien against the Smith Family Trust, an alter ego of Precision Laboratory Plastics Inc., for the same tax liability. (*Id.* at ¶¶ 5–6)

On May 15, 2003, the United States moved to intervene in the Superior Court proceeding to assert its lien rights against the promissory note. The United States alleged, among other things, that Old Plas-

---

**3.** On February 28, 2001, Old Plastics' sole shareholder, the Smith Family Trust, ratified the original assignment of the promissory note, but purportedly did so "with the legal transferee and owner by assignment of said promissory note being the Smith Family Trust." In particular, the Smith Family Trust ratified the assignment of the promissory note "to the AHS Trust in so far as it is necessary to accomplish the effect of providing the Smith Family Trust with current and full ownership rights to said promissory note." (Colbert Dec. At Exh. B, pp. 4–5) That same day, the Old Plastics' board of directors ratified the assignment of the promissory note "to the AHS Trust albeit renaming said transferee as the Smith Family Trust, the corporations' sole continuing shareholder." (*Id.* at Exh. B, p. 7)

tics is the owner of the promissory note and that any purported transfer of the note was fraudulent and intended to defraud the government and creditors. The United States asked for a determination of the various parties' rights in relation to the promissory note. The motion to intervene was granted.

On August 1, 2003, the United States removed the case to federal court and the parties thereafter filed their respective motions for summary judgment. Subsequent to this Court's denial of Technical Plastics' and the United States' motions for summary judgment, Old Plastics sent Notices of Default dated April 1, 2004, and May 3, 2004, to Technical Plastics giving notice that Technical Plastics had missed the quarterly payments due on the note on September 30, 2003, December 31, 2003, and March 31, 2004. Old Plastics demanded payment in full on the note. (Attach. to Def. Summary Judgment Mtn., Dkt. 26)

### Summary Judgment Standard

Summary judgment is proper if the moving party establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Inferences drawn from the facts are viewed in favor of the non-moving party. *T.W. Elec. Service v. Pacific Elec. Contractors*, 809 F.2d 626, 630–31 (9th Cir.1987). The inquiry this court must undertake is to determine whether there exists "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### Analysis

Defendant Old Plastics has agreed to assign the note to the United States, less the setoff due to Technical Plastics. The United States agrees that the amount of the note is large enough to cover both the tax lien and the outstanding balance due Technical Plastics, and therefore agrees to accept the note less the setoff due to Technical Plastics. Technical Plastics is in default. Their argument that they should be allowed to select their remedy is without merit. Technical Plastics is receiving exactly what it bargained for: Technical Plastics bought a business, paid a sum in cash, gave a promissory note for the remainder and will now receive a setoff of the monies still due and owing on the note. It is therefore

ORDERED that Defendant's Motion for Summary Judgment (Dkt. 26) is GRANTED. The parties are directed to file within ten days of entry of this Order an accounting setting forth the exact amounts owing on the promissory note, the judgment that defendant owes Technical Plastics, and the federal tax liens. If the parties are unable to agree to the disposition of the monies now in escrow, each party shall file a brief of no longer than five pages within ten days of entry of this Order and the Court will decide the issue.

The clerk of the court is instructed to send uncertified copies of this Order to all counsel of record.